IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RXLINK INC.**<br><br>*Defendant.* | Case No.<br><br>2:25-cv-4270-MRP<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff Jourey Newell respectfully moves this Court for leave to file a sur-reply in response to Defendant RxLink Inc.'s Reply Brief in Support of its Motion to Dismiss (ECF No. 27). Defendant's Reply raises new factual and legal matters not presented in its opening papers, and fairness warrants permitting Plaintiff a brief opportunity to respond.

*First*, Defendant's Reply introduces and relies on new, post-opposition authority in *Dilanyan v. Hugo Boss Fashions, Inc.*, 2025 WL 3549868 (C.D. Cal. Dec. 3, 2025), to argue that applying § 227(c)(5) to texts presents a "substantial ground for disagreement" and to argue that this Court should "certify[y] the question for immediate interlocutory review." But Defendant's Reply improperly raised the interlocutory review argument at the reply stage. Moreover, this decision and the new arguments built around it were not part of Defendant's opening brief and were not addressed in Plaintiff's Opposition.

*Second*, Defendant expands its statutory interpretation presentation with new dictionary and methodology arguments, including a new first-time citation to the Oxford English Dictionary

(2d ed.), related archival material and links, coupled with new assertions about Congress' "deliberate choice" of narrower wording in § 227(c)(5).

*Third*, Defendant raises additional new matters and argument in Reply, including a new "belated opposition" point (despite the apparent incongruity with dates being the result of a typo), a new private right of action argument invoking *Alexander v. Sandoval* to contend that FCC regulations created under the Administrative Procedures Act violate the TCPA's private right of action, and a new (rejected) inducement argument that is yet another variation of the "wrong number" defense under the TCPA, holding that the Plaintiff could not have filled the prescriptions and thus was not directed to purchase anything.

Plaintiff acknowledges this Motion is being filed after this Court's deadline to file such sur-replies. However, any brief delay is excusable and causes no prejudice. Defendant itself obtained an extension to file a Reply. And Plaintiff sought Defendant's position on whether RxLink would consent to a sur-reply, and RxLink initially indicated it might consent, before RxLink ultimately confirmed that it would not. During that period, Plaintiff's counsel was out of the office. Plaintiff thus requests leave to file a sur-reply capped at five pages, filed within five business days of the Court's Order granting leave, limited to the matters identified above.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file a sur-reply not to exceed five pages within five business days of the Court's Order granting this Motion.

Dated: December 22, 2025

/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038

1

        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

December 22, 2025

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.