IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOUREY NEWELL, *individually and on behalf of a class of all persons and entities similarly situated*,

        Plaintiff,

  v.

RXLINK INC.,

        Defendant.

CASE NO. 2:25-cv-4270-MRP

## DEFENDANT RXLINK INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

RxLink's Reply in Support of Its Motion to Dismiss (the "Reply," ECF No. 27) raises no new arguments, theories, or evidence warranting additional briefing. To obscure that, Plaintiff makes things up. He falsely states, for example, that RxLink asked the Court to "certify a question for interlocutory review" on reply, even though RxLink did nothing of the sort. It's unclear if that false statement is a careless copy/paste from another motion for leave, an AI hallucination, or an intentional misstatement, but either way, it underscores that Plaintiff's request for a sur-reply is without merit. Further highlighting that is the fact that Plaintiff asked RxLink to agree to a sur-reply *before he even saw* RxLink's Reply. That confirms that Plaintiff just wants the last word, and thus that the Court should deny Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 29).

I.   **LEGAL STANDARD**

Sur-replies are strongly disfavored. This Court's Policies and Procedures provide that "[a] sur-reply may only be filed with permission of the Court upon good cause shown." A sur-reply is justified when "a defendant raises new legal issues or new theories in its reply brief." *Lacy v. Nat'l R.R. Passenger Corp.*, 2014 WL 6967957, at *4 (D. Md. Dec. 8, 2014), *aff'd*, 600 F. App'x 127 (4th Cir. 2015) (quoting *MTB Servs., Inc. v. Tuckman–Barbee Const. Co.*, 2013 WL 1224484, *6 (D. Md. Mar. 26, 2013)). Routine rebuttal or clarification of points raised in opposition does not justify additional briefing.

II.  **ARGUMENT**

   A.   **RxLink's Reply Did Not Raise Any New Arguments or Theories**

Plaintiff's principal justification for a sur-reply rests on a demonstrably false premise: that RxLink asked this Court, for the first time on reply, to "certify a question for interlocutory review." That never happened. RxLink did not seek certification under 28 U.S.C. § 1292(b),

1

did not request interlocutory review of anything, and did not advance any procedural argument remotely resembling one. Plaintiff's assertion to the contrary is made up.

RxLink cited *Dilanyan v. Hugo Boss Fashions, Inc.* for a single, proper purpose: as newly issued persuasive authority addressing the same statutory-interpretation dispute raised in RxLink's opening brief and squarely joined in Plaintiff's Opposition. *See* Br. at 7; Opp. Br. at 7–8 (disputing RxLink's reliance on *Jones* and *Davis* and arguing that § 227(c) applies to text messages). *Dilanyan* responds directly to Plaintiff's reliance on § 227(b) cases like *Satterfield* by explaining why courts have questioned extending that reasoning to § 227(c)'s materially different text. That is classic reply material. *See, e.g.*, *Indiana State Teachers Ass'n v. Bd. of Sch. Comm'rs*, 918 F. Supp. 266, 269 (S.D. Ind. 1996) (reply's citation to new authority entirely permissible where the reply "was responsive to [plaintiff's] Brief in Opposition").

Plaintiff's confusion may stem from the fact that interlocutory review has been requested in other TCPA cases around the country—including in *Dilanyan* itself, where such review was granted—but RxLink made no such request here. Whether Plaintiff's contrary assertion is the product of carelessness, overgeneralization from other litigation, or an AI hallucination, the result is the same: it cannot supply "good cause" for a sur-reply.

**B.    A Supplemental Dictionary Definition Is Not a "New Argument"**

Mr. Newell next contends that RxLink's Reply improperly raised new dictionary definitions and a new statutory-interpretation methodology. That claim is equally unfounded. From the outset of this case, RxLink has argued that § 227(c)(5) must be interpreted according to its plain text and ordinary meaning at the time of enactment. *See* Br. at 6. Plaintiff squarely joined that issue in his Opposition, devoting substantial portions of his brief to dictionary definitions, linguistic arguments about the meaning of "call," and analogies designed to

2

expand § 227(c)'s scope. *See* Opp. at 2–7. Courts have held that a reply may cite additional dictionary sources. *See, e.g.*, *Red Barn Motors, Inc. v. NextGear Cap., Inc.*, 2017 WL 5178274, at *2 (S.D. Ind. Mar. 27, 2017) (denying leave to file sur-reply and finding defendants' reliance on a new definition of "loan" from Black's Law Dictionary "did not inject new evidence, arguments, or issues into the Motion to Dismiss").

    **C.    RxLink Properly Referenced Plaintiff's Late Opposition and *Sandoval* on Reply**

Mr. Newell next contends that RxLink improperly raised new procedural and private-right-of-action arguments in its Reply, pointing to RxLink's references to the timing of Plaintiff's Opposition and to *Alexander v. Sandoval*. That contention again misstates the Reply and ignores the arguments Plaintiff himself advanced.

First, RxLink's reference to the belated filing of Plaintiff's Opposition was not a new procedural argument, but a straightforward factual observation responding to Plaintiff's untimely briefing. Plaintiff's Opposition—like his Motion for Leave—was filed after the deadline. Merely noting that an opponent missed the deadline does not open the door to yet another round of briefing. If it did, that would reward missed deadlines.

Second, RxLink's discussion of *Sandoval* responded to arguments Mr. Newell raised in his Opposition. Mr. Newell's Opposition relied heavily on FCC regulations and agency interpretations to argue that § 227(c)(5)'s private right of action should be read to encompass text messages. *See* Opp. at 11–14. That argument necessarily raises the question of whether regulatory rulemaking can expand a statutory private right of action beyond what Congress authorized. RxLink's Reply addressed that issue, explaining—consistent with *Sandoval*—that private rights of action must be grounded in statutory text and cannot be created or enlarged by agency regulation. Reply Br. at 6–7. That is not new matter; it is rebuttal.

3

### D. The "Inducement/Prescription" Point Responds to Plaintiff's Own Allegations

Mr. Newell's claim that RxLink raised a new "inducement" defense in its Reply is also false. The Reply addressed Plaintiff's attempt to recast the texts as sales pitches by pointing out the same internal inconsistency that RxLink noted in its opening brief: that Plaintiff alleges he did not initiate the prescription, yet claims the messages were meant to induce a purchase. *Compare* Br. at 15 (citing Compl. ¶ 23) *with* Opp. at 14–15 *and* Reply Br. at 11. Exposing such contradictions is core Rule 12(b)(6) analysis, not a newly raised defense, and Plaintiff's effort to label it otherwise only highlights the weakness of his argument.

### E. Mr. Newell Seeks to Re-Argue the Merits, Not Address New Matter

Mr. Newell's Motion confirms that what he seeks is not an opportunity to address genuinely new matters, but a chance to re-argue what the parties have already briefed.[1] That is confirmed by the fact that Plaintiff asked for RxLink's consent to file a sur-reply weeks before it even saw RxLink's reply. Ex. A (Dec. 4, 2025 email from Andrew Perrong to Oyinkan Muraina requesting consent to file a five-page sur-reply in exchange for consent for additional pages for Defendant's reply brief). That exposes that Plaintiff's supposed rationale for a sur-reply is just pretext for wanting the last word, which falls well outside the narrow purpose of a sur-reply.

Moreover, Plaintiff concedes that his motion is untimely. His proffered explanations—time out of the office and informal discussions about consent—do not constitute good cause for missing a court deadline, particularly given that Plaintiff's Opposition was also late. Plaintiff's delay provides an independent reason to deny this request for discretionary relief.

---

[1] *See* Ex. A (Dec. 15, 2025 email chain between Ryan Watstein, Andrew Perrong, Oyinkan Muraina, and Anthony Paronich).

4

### III.   CONCLUSION

RxLink is not opposed to sur-replies when a party raises something improper on reply. But that's not what happened here.

Dated: December 26, 2025              Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein*
GA 266019
ryan@wtlaw.com
Oyinkansola Y. Muraina*
GA 357962
omuraina@wtlaw.com
**WATSTEIN TEREPKA, LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5189
Fax: (404) 537-1650
*Admitted pro hac vice*

Matthew A. Lipman
mlipman@mdmc-law.com
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103
Telephone: 215-557-2900
Fax: (215) 557-2990

*Counsel for Defendant RxLink Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Ryan D. Watstein
Ryan D. Watstein
*Counsel for Defendant*