IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RXLINK INC.**<br><br>*Defendant.* | Case No.<br><br>2:25-cv-4270-MRP<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### REPLY IN SUPPORT OF
### PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff ordinarily would not file a reply in support of a motion seeking leave to file a sur-reply, but Defendant's unnecessarily accusatory opposition warrants it.

*First*, Defendant accuses the Plaintiff of "mak[ing] things up" in arguing that a sur-reply is warranted because Defendant brought up a new case in its opposition, *Dilanyan*, and arguing Defendant's reply asks the Court to consider certifying the issue for interlocutory review. Defendant now denies its reply argument was related to interlocutory review, but instead asserts it brought up *Dilanyan* for the first time in its reply because it allegedly addressed "the same statutory-interpretation dispute raised in RxLink's opening brief." That assertion is curious, because RxLink's reply doesn't quote from any part of *Dilanyan* or its analysis of the "same statutory-interpretation dispute." It only implies *this* court should certify the same question for interlocutory review. Were there any doubt, this is what Defendant's reply says of *Dilanyan*:

> For precisely this reason, the most recent district court decision addressing this issue (in California) declined to extend *Satterfield* to a § 227(c) claim and instead certified the question for immediate interlocutory review. In *Dilanyan v. Hugo Boss Fashions, Inc.*, the court recognized that *Satterfield* arose in a different statutory context, rested on now-

abandoned *Chevron* deference, and presented a substantial ground for disagreement when applied to § 227(c)(5). 2025 WL 3549868, at *2–4 (C.D. Cal. Dec. 3, 2025). This Court, of course, is not bound by Ninth Circuit precedent construing a different provision under a different interpretive regime.

That Defendant only uses *Dilanyan* for the part of that decision which would support its motives, certifying the issue of whether a text message call is a "call" under the TCPA for interlocutory review, is unsurprising, because the *Dilanyan* Court actually *sided with the plaintiff* and *denied the defendant's motion to dismiss* on the issue. If anyone is misrepresenting a position, it is the Defendant in claiming that *Dilanyan* "declined to extend *Satterfield* to a § 227(c) claim." In fact, the Court stated that it was "reticent to conclude that Satterfield does not control" and held that, because "a text message is a 'call' under Satterfield, and Plaintiff alleges that he has received multiple text messages from Defendant, the Court concludes that Plaintiff is entitled to bring an action under § 227(c)(5)." *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 2:25-CV-05093-JLS-BFM, 2025 WL 3549868, at *3 (C.D. Cal. Dec. 3, 2025).

*Second*, Defendant's statutory interpretation argument relies heavily on dictionary definitions from terms and dictionaries of its own choosing, which it misrepresents in its reply. Thus, unlike in *Red Barn*, where the plaintiff raised a dispute as to contractual language by arguing definitions that was responded to in defendant's reply, defendant here attempts to inject new arguments by citing to definitions of "telephone" from the Oxford English Dictionary which were omitted from its motion in chief. And, unlike in *Red Barn*, the crux of Defendant's argument in chief turned on the dictionaries it chose to use in its motion in chief. If given leave to file a sur-reply, Plaintiff would like the opportunity to address the very definitions (mis)cited by Defendant in these additional authorities in its reply, which also define a telephone as "a system of communication using a network of telephones" and to "send (a message) by telephone." Indeed, Defendant's *own additional dictionary* added in reply defines a "telephone

2

call" as a "call," which it defines as to "communicate or converse with by telephone or radio." *See* "call," Oxford Encyclopedic English Dictionary 209 (2d ed.) (1991). Thus, even Defendant's *own additional authority* does not support its motion, since it defines a "telephone call" simply as a communication that is done "by telephone." And, it is equally as clear that a text message call is a "telephone call" because it is sent "by telephone" to a telephone number.

*Third*, Defendant's procedural arguments similarly are unnecessarily abrasive and warrant a sur-reply. As an initial matter, the parties stipulated to have the Plaintiff's motion to dismiss due on November 27 (ECF 20), which was Thanksgiving, thus making the brief due the following day. The Court granted the stipulated motion, but stated that that the date was November 24, 2025, which appears to simply have been a typo.

Relatedly, the Plaintiff should have the opportunity to respond to the argument that the FCC somehow acted contrary to its congressionally-authorized mandate in establishing APA regulations (not mere advisory rulemaking), and Defendant's unwarranted proposition that the Plaintiff allegedly is trying to amend his case in his opposition, as the Plaintiff simply pleads reasonable inferences which can be drawn from the Complaint's allegations, and the Defendant's own admissions on its website.

A plaintiff may properly bring in these authorities, and request that the Court take notice of content on the defendant's website, in a motion to dismiss without repleading or converting the motion into one for summary judgment, particularly insofar as the Defendant's website was listed on the text calls Plaintiff received. *See Melleady v. Blake*, No. CIV. 11-1807 NLH/KMW, 2011 WL 6303245, at *17 n.34 (D.N.J. Dec. 15, 2011) (holding a court may consider both matters of public record and documents integral or explicitly relied upon in the complaint without converting the motion into one for summary judgment); *see also Victaulic Co. v.*

*Tieman*, 499 F.3d 227, 237 (3d Cir. 2007) (holding that the "nature of [a defendant's] business" is the proper subject of a request for judicial notice from a business website, so long as additional facts are not inferred therefrom).

Defendant has improperly raised additional matters on reply and now made accusatory statements in opposition to the Plaintiff's simple request for leave to file a sur-reply. Plaintiff respectfully requests that the Court grant leave to file a sur-reply not to exceed five pages within five business days of the Court's Order granting this Motion.

Dated: January 2, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

January 2, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.