IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOUREY NEWELL, *individually and on behalf of a class of all persons and entities similarly situated*,

        Plaintiff,

  v.

RXLINK INC.,

        Defendant.

CASE NO. 2:25-cv-04270-MRP

### DEFENDANT RXLINK INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant RxLink Inc. ("RxLink") submits this response to Plaintiff's Notice of Supplemental Authority, ECF No. 34, which cites *Howard v. Republican National Committee*, No. 23-3826, 2026 WL 90273 (9th Cir. Jan. 13, 2026) (ECF No. 43-1).

*Howard* is another example of caselaw that does not address the dispositive issue here: whether the private right of action under 47 U.S.C. § 227(c)(5), which is triggered only by more than one "*telephone* call," extends to text messages. *See* ECF No. 15-1, at 5–8; ECF No. 27, at 2–5. *Howard* involves an entirely separate private cause of action under a different section of the TCPA, § 227(b), which regulates the use of an artificial or prerecorded voice to make or initiate a "call." *See Howard*, ECF No. 43-1 at 10 ("By their terms, the two relevant subsections—§ 227(b)(1)(A)(iii) and § 227(b)(1)(B)—impose comparable prohibitions on using 'an artificial or prerecorded voice' to make calls …"). The court framed the issue narrowly, explaining that "the question presented here… is whether § 227(b)(1)(A)(iii) applies to the sending of a text message that includes a video file that is playable only if the recipient

affirmatively elects to view it." *Id.* at 17 n.6. And *Howard's* reasoning is expressly based on Congress's formal recognition that "residential telephone subscribers consider automated or prerecorded telephone calls… to be a nuisance and an invasion of privacy." *Id.* at 16 n.5.

The Court in *Howard* never mentions § 227(c) or interprets the language of § 227(c)(5). *See generally id.* That distinct statutory question remains unresolved and separately pending before the Ninth Circuit. *See generally Dilanyan v. Hugo Boss Fashions, Inc.*, 2025 WL 3549868 at *5 (C.D. Cal. Dec. 3, 2025).

Dated: January 20, 2026

Respectfully submitted,

*/s/ Ryan D. Watstein*

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Matthew A. Lipman
mlipman@mdmc-law.com
1617 JFK Boulevard, Ste. 1500
Philadelphia, Pennsylvania 19103
Telephone: 215-557-2900
Fax: (215) 557-2990

**WATSTEIN TEREPKA, LLP**
Ryan D. Watstein*
GA 266019
ryan@wtlaw.com
Oyinkansola Y. Muraina*
GA 357962
omuraina@wtlaw.com
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5189
Fax: (404) 537-1650
**Admitted pro hac vice*

*Counsel for Defendant RxLink Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Ryan D. Watstein*
Ryan D. Watstein

*Counsel for Defendant*