IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOUREY NEWELL**, *individually and on behalf of a class of all persons and entities similarly situated*,

        **Plaintiff,**

  v.

**RXLINK INC.,**

        **Defendant.**

CASE NO. 2:25-cv-4270-MRP

## DEFENDANT RXLINK INC.'S MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S SUR-REPLY

Defendant RxLink, Inc. ("RxLink") respectfully moves the Court for leave to file a short response to Plaintiff Jourey Newell's Sur-Reply to Defendant's Motion to Dismiss ("Sur-Reply," ECF No. 33). Good cause exists because Plaintiff's Sur-Reply raises new legal theories and policy arguments that Plaintiff did not identify as a basis for his Sur-Reply or in his Opposition to RxLink's motion to dismiss. Fairness requires allowing RxLink a limited opportunity to address them. Defendant's proposed response is attached as Exhibit A to this Motion.

## LEGAL STANDARD

This Court's Policies and Procedures provide that "[a] sur-reply may only be filed with permission of the Court upon good cause shown." "Whether to grant 'permission for leave to file a sur-reply is a matter committed to the District Court's sound discretion.'" *Gentry v. Sikorsky Aircraft Corp.*, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) (quoting *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014)). A sur-reply is justified "where a party 'seek[s] to respond to an argument raised for the first time' by an opposing party." *Id.* (quoting *NorFab Corp. v. Travelers Indem. Co.*, 555 F. Supp. 2d 505, 513 (E.D. P.A. 2008)).

## DISCUSSION

Although styled as a response to RxLink's Reply, Plaintiff's sur-reply goes well beyond rebuttal. Most notably, Plaintiff introduces for the first time the incorrect argument that interpreting § 227(c)(5)'s "telephone call" language as only applying to actual telephone calls (as opposed to texts) would improperly deny deaf individuals access to the TCPA's private right of action. *See* Sur-Reply at 4. This accessibility-based policy argument did not appear anywhere in Plaintiff's Opposition or his Motion for Leave to File a Sur-Reply and raises issues wholly distinct from the statutory interpretation arguments previously briefed. *See generally* ECF Nos. 23 (Opp.), 29 (Mot. for Leave to File Sur-Reply), 31 (Reply in Support of Mot. for Leave to File Sur-Reply).

1

Plaintiff also newly contends that whether the challenged messages qualify as "telephone solicitations" presents a factual dispute that cannot be resolved on a motion to dismiss. *See* Sur-Reply at 4–5. That position is likewise new. In his Opposition, Plaintiff argued the opposite: that the Complaint and the text messages themselves established solicitation under § 227(a)(4). *See* Opp. at 14–19. The sur-reply thus shifts theories midstream and attempts to recast a pleading-stage legal question as an unresolved factual dispute.

RxLink could not have addressed these arguments in its Reply because they did not exist at the time. Allowing Plaintiff to inject them without allowing RxLink to respond would be unfair and would leave the record incomplete. RxLink does not seek to reopen briefing or raise new issues of its own; it seeks only to respond narrowly to the matters Plaintiff introduced in his sur-reply.

RxLink has attached its proposed response as **Exhibit A**, which is limited to five pages. Granting this motion will assist the Court by ensuring that the issues now presented are addressed on a complete and accurate record.

## CONCLUSION

For the foregoing reasons, RxLink respectfully requests that the Court grant leave to file the attached response to Plaintiff's sur-reply.

*[Signature Appears on Following Page]*

Dated: January 23, 2026                                   Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein*
GA 266019
ryan@wtlaw.com
Oyinkansola Y. Muraina*
GA 357962
omuraina@wtlaw.com
**WATSTEIN TEREPKA, LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5189
Fax: (404) 537-1650
*\*Admitted pro hac vice*

Matthew A. Lipman
mlipman@mdmc-law.com
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103
Telephone: 215-557-2900
Fax: (215) 557-2990

*Counsel for Defendant RxLink Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 23, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Ryan D. Watstein</u>
Ryan D. Watstein

*Counsel for Defendant*
