**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JOUREY NEWELL**, *individually and on behalf of a class of all persons and entities similarly situated*,

        **Plaintiff,**

  v.

**RXLINK INC.,**

        **Defendant.**

CASE NO. 2:25-cv-4270-MRP

**DEFENDANT RXLINK INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S SUR-REPLY AND IN SUPPORT OF ITS MOTION TO DISMISS**

I.  **DILANYAN DOES NOT SAVE THE COMPLAINT**

At the outset of his sur-reply, Mr. Newell mischaracterizes RxLink's citation to *Dilanyan v. Hugo Boss Fashions, Inc.* as an attempt to seek interlocutory review or certification. *See* ECF No. 33 (henceforth "Sur-Reply") at 2. That is incorrect. RxLink did not invoke 28 U.S.C. § 1292(b), request certification, or seek interlocutory review of anything. *See* Reply at 4. RxLink cited *Dilanyan* for a narrow purpose: to show that even courts in the Ninth Circuit—where *Satterfield* is arguably binding as to § 227(b)—have questioned whether *Satterfield's* logic extends to § 227(c)(5), particularly after the fall of *Chevron*.

And Mr. Newell's sur-reply ultimately concedes the point that matters most: *Satterfield* is not binding on this Court. *See* Sur-Reply at 1. Having acknowledged that, the sur-reply offers no answer to the questions actually presented—what Congress meant by "telephone call" when it enacted § 227(c)(5). *Dilanyan* reflects that there is a genuine dispute amongst reasonable jurists about that question, and that outside the Ninth Circuit, post–*Loper Bright*, this Court must independently apply § 227(c)(5) as written. Doing so compels the conclusion that RxLink's motion to dismiss should be granted.

II.  **THE SUR-REPLY DILUTES "TELEPHONE CALL" INTO "ANY COMMUNICATION"**

The sur-reply next accuses RxLink of "dictionary shopping" because the Reply cited an additional contemporaneous definition of "telephone call." ECF No. 33 at 3. That charge is misplaced. Ordinary-meaning analysis was squarely at issue from the outset, and Mr. Newell himself devoted much of his Opposition to dictionary definitions and linguistic arguments. That aside, the sur-reply's definitional arguments never confront the statutory phrase Congress actually used. Section 227(c)(5) does not regulate "calls" in the abstract or "communications" generally; it authorizes a private action only for more than one "*telephone call*." As the U.S. Chamber of

1

Commerce recently explained, contemporaneous dictionaries uniformly defined a "telephone" in 1991 as the transmission of sound or speech, and a "telephone call" as a voice interaction between parties, not the transmission of written data. *See* Br. of the Chamber of Com. of the U.S. of Am. as Amicus Curiae Supporting Defs. at 7–8, *Steidinger v. Blackstone Med. Servs., Inc.*, No. 24-2713 (7th Cir. Dec. 29, 2025) (collecting contemporaneous definitions of "telephone call"). "[C]arriers and consumers alike have always distinguished telephone calls from text messages." *Id.* at 8.

The sur-reply urges that a "telephone call" means any "communication made by telephone," and therefore "plainly includes text messages." Sur-Reply at 3. But that construction does not interpret the statute; it rewrites it. By collapsing "telephone call" into any communication associated with a phone number, Mr. Newell reads the word "telephone" out of the phrase entirely and treats "telephone call" as an open-ended category synonymous with "message."[1]

But Congress knew how to draft that way when it wished to. Elsewhere in the TCPA, it used broader language—such as "call or message"—to capture multiple modes of communication. *See* 47 U.S.C. § 227 (a)(4) (defining "telephone solicitation"). Section 227(c)(5) is different. It authorizes a private right of action only for more than one telephone call, not for any message or communication transmitted to a telephone number. That deliberate narrowing forecloses the sur-reply's attempt to equate texts with calls by definitional fiat.

---

[1] Indeed, phone numbers can be used to direct a wide range of non-voice, non-SMS communications, including app-based messages sent via services like WhatsApp and Signal and internet-based fax transmissions delivered through e-fax services, underscoring that not every communication routed to a phone number constitutes a "telephone call." *See* Br. at 6. That's particularly apparent since some of those are separately regulated in the Junk Fax Prevention Act of 2005, which is part of the TCPA. Pub. L. No. 109-21, 119 Stat. 359 (2005). Did Congress intend two contradictory provisions of the same statute to apply to one form of communication? Of course not, and that alone proves that every communication to a phone number is not a "telephone call."

The sur-reply further asserts that because fax machines, pagers, teletype machines, and TTY devices existed in 1991, Congress must have intended "telephone call" to encompass all forms of textual transmission.[2] *See* Sur-Reply at 3. That argument proves RxLink's point. This case concerns text messages sent to a cellular phone, and the statutory trigger at issue is not "any transmission" or "any communication," but more than one *telephone call*. If Congress had wished to create a private right of action for all text-based transmissions associated with a telephone number, it could have done so with broader language, just like many states have. It did not. The sur-reply's effort to bootstrap disparate technologies into § 227(c)(5) only underscores that its interpretation depends on expansion rather than application of the statutory text.

### III.   THE FCC REGULATION ARGUMENT STILL CANNOT REWRITE § 227(c)(5)'S PRIVATE RIGHT OF ACTION

The sur-reply describes RxLink's argument that the FCC cannot rewrite § 227(c)(5)'s private right of action as an "attack[] [on] a strawman." Sur-Reply at 3. Mr. Newell contends that he never claimed that the FCC created a private right, but merely that the agency "implemented" Congress's command through regulation. *Id.* at 3–4. That semantic shift does not resolve the dispositive issue. Implementation cannot exceed the statute it purports to carry out. *See* Reply at 6. The only question that matters under § 227(c)(5) is whether the statutory prerequisite for suit has been satisfied—namely, whether the defendant initiated "more than one telephone call" within twelve months. No amount of regulatory gloss can change that trigger. If the statutory condition is not met, the private right of action does not exist.

The sur-reply's fallback argument underscores the problem. For the first time, Mr. Newell asserts that it would be "absurd" to interpret § 227(c)(5) as written because doing so would

---

[2] As noted in note 1, faxes are governed by § 227(b)(1)(C), a completely different statutory regime. *See* Reply at 10. Congress later amended that provision in 2005 to include an established business relationship exception and related rules. *See* Pub. L. No. 109-21, § 2(a).

3

allegedly prevent deaf individuals from recovering under the TCPA when they receive written messages rather than voice calls. *See* Sur-Reply at 4. That new argument is illogical. First, whether a broader remedial scheme might be desirable as a matter of policy does not authorize courts to revise the statute Congress enacted. *See* Reply at 6–7 (citing *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001)). Second, the definition of "telephone call" would not need to be expanded to include text messages to protect deaf people. Deaf people still get phone calls, and their phones vibrate. Those telephone calls are still actionable, just like they are for everyone else.[3]

## IV. THE SUR-REPLY'S "SOLICITATION IS A FACTUAL DISPUTE" ARGUMENT IS BOTH NEW AND WRONG UNDER RULE 12(b)(6)

In the final section of his sur-reply, Mr. Newell abruptly pivots. For the first time, he asserts that whether the messages at issue constitute "telephone solicitations" presents a factual dispute that cannot be resolved at the pleading stage. *See* Sur-Reply at 4–5.[4] He argued the opposite in his Opposition: that the Complaint and the text messages themselves established—on their face—that the messages were telephone solicitations under § 227(a)(4). *See* Opp. (ECF No. 23) at 14–19. Having staked—and lost—a legal position on an undisputed record, Plaintiff cannot evade Rule 12 scrutiny by recharacterizing the same issue as a factual dispute.

There is nothing "self-defeating" about testing Mr. Newell's theory against the Complaint's own allegations and the messages it quotes. *See* Sur-Reply at 5. Rule 12(b)(6) exists to assess whether pleaded facts—and documents incorporated by reference—plausibly establish the statutory elements of a claim. Where, as here, the communications themselves do not plausibly

---

[3] Deaf persons can and do also place and "talk" on voice telephone calls through relay services. *See* FCC, *Telecommunications Relay Service (TRS)*, https://www.fcc.gov/consumers/guides/telecommunications-relay-service-trs (describing relay technologies for deaf persons); *see also* 47 U.S.C. § 225(a)(3) (defining "telecommunications relay services" as "telephone transmission service").

[4] Mr. Newell did not disclose that he planned to address the issue in his Motion for Leave to File a Sur-reply. *See generally* ECF No. 29.

4

show a purpose to "encourag[e] the purchase, rental, or investment in property, goods, or services," dismissal is appropriate as a matter of law. *See* Reply at 8–9 (citing *Boring v. Google*, 362 F. App'x 273, 278 (3d Cir. 2010) ("[C]onclusory allegations of liability will not suffice.")). Courts routinely decide at the pleading stage whether alleged communications constitute telemarketing or solicitation when the content of the messages is undisputed and set forth in the complaint. *See, e.g.*, ECF No. 15-1 ("Br.") at 12, 16 (citing *Daniel v. FiveStars Loyalty*, 2015 WL 7454260, at *3–5 (N.D. Cal. Nov. 24, 2015); *Gabertan v. Walmart*, 523 F. Supp. 3d 1254, 1261 (W.D. Wash. 2021); *Lindenbaum v. CVS Health*, 2018 WL 501307, at *2 (N.D. Ohio Jan. 22, 2018)). The sur-reply's suggestion that solicitation can never be resolved on a motion to dismiss is wrong.

The sur-reply also tries to supply the missing solicitation element through new extra-pleading inferences about RxLink's alleged "business model," revenue streams, and purpose—this time under the banner of "judicial notice." Sur-Reply at 5. But unreasonable inferences drawn from subjects of judicial notice cannot be used to amend a complaint or infer a purpose absent from the pleaded facts in *this case* and the messages at issue in *this case*. Whether RxLink operates a particular business model or earns revenue in a particular way does not substitute for alleging facts showing that the messages to Plaintiff were sent "for the purpose of encouraging" a purchase. *See* § 227(a)(4). Mr. Newell's continued effort to layer post hoc theories onto the Complaint only reinforces the conclusion that the solicitation element was not plausibly pleaded.

**V.    CONCLUSION**

For these reasons, the Court should disregard the new arguments raised for the first time in Mr. Newell's sur-reply and hold that the Complaint fails to state a claim for two reasons: (1) § 227(c)(5)'s statutory trigger is not satisfied; and (2) the Complaint still fails to plausibly allege a telephone solicitation.

Dated: January 23, 2026                    Respectfully submitted,

*/s/ Ryan D. Watstein*
Ryan D. Watstein*
GA 266019
ryan@wtlaw.com
Oyinkansola Y. Muraina*
GA 357962
omuraina@wtlaw.com
**WATSTEIN TEREPKA, LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5189
Fax: (404) 537-1650
*\*Admitted pro hac vice*

Matthew A. Lipman
mlipman@mdmc-law.com
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103
Telephone: 215-557-2900
Fax: (215) 557-2990

*Counsel for Defendant RxLink Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Ryan D. Watstein
Ryan D. Watstein

*Counsel for Defendant*