IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOUREY NEWELL, *individually and
on behalf of a class of all persons
and entities similarly situated*,

                    CASE NO. 2:25-cv-04270-MRP

        Plaintiff,

    v.

RXLINK INC.,

        Defendant.

## DEFENDANT RXLINK INC.'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant RxLink Inc. ("RxLink") submits this Notice of Supplemental Authority, supporting RxLink's motion to dismiss. Two more courts have held that a text message is not a "telephone call," and a third refused to defer to the FCC on that question, as Ms. Newell proposes here.

First, in *Radvansky v. Kendo Holdings, Inc.*, the Northern District of Georgia granted a motion for judgment on the pleadings, finding § 227(c)(5) does not apply to text messages. 23-cv-00214 (N.D. Ga. Feb. 12, 2026) (May, J.), attached as Exhibit 1. The Court explained that, in light of *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, "this Court must independently—and without deference to the FCC's decision—evaluate Defendant's argument that the term 'telephone call' excludes text messages." *Id.* (citing *McLaughlin*, 606 U.S. 146, 155 (2025)).

Turning to the plain language, the Court held that "the statutory text here is clear, and a text message is not a 'telephone call.'" *Id.* at 4 (internal quotations omitted). The Court further rejected plaintiff's argument that broader language

1

elsewhere in the TCPA, like §§ 227(a)(4) and 227(b), expanded the term "telephone call" in § 227(c)(5). Instead, the Court confirmed "Congress's decision to use a different term in a neighboring provision only undermines [Plaintiff's] position" because "[i]t shows that Congress does not use the term 'telephone call' to encompass all 'messages.'" *Id.* at 5–7 (internal quotations omitted).

Next, in *Radvansky v. 1-800-FLOWERS.COM*, another judge in the Northern District of Georgia granted a motion to dismiss, agreeing that § 227(c)(5) does not apply to text messages. 2026 WL 456919, at *4 (N.D. Ga. Feb. 17, 2026) (Thrash, J.). The Court first acknowledged that in the wake of *McLaughlin and Loper-Bright v. Raimondo*, "[t]his sea change in the legal landscape has left district courts to decide, with fresh eyes, whether § 227(c)(5)'s reference to 'telephone call[s]' also encompasses text messages." (citing *McLaughlin*, 606 U.S. at 155 and *Loper-Bright*, 603 U.S. 369 (2024)).

Turning to the text, the Court explained: "[t]he statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages." *Id.* at *3. Reviewing the decisions that expanded "telephone call" to include text messages, the Court commented:

> [T]he reasoning underlying these decisions is inherently flawed. For example, in *Alvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026), the district court acknowledged that "no ordinary person would use the word 'telephone call' to refer to a text message" before concluding that "a usage which seems obvious now is not always a reflection of the original meaning of the statute," even though **text messages did not yet exist when the statute was originally enacted**. *Alvarez*, 2026 WL 202930, at *4. In *Wilson v. MEDVIDI Inc.*, 2025 WL

2856295, (N.D. Cal. Oct. 7, 2025), the district court **reached beyond the statute's plain text** to find support for its conclusion in a **2024 edition of Black's Law dictionary**, which **defies both the first rule of statutory interpretation** and *Loper Bright'*s instruction that a statute's meaning is fixed at the time of enactment. *Wilson*, 2025 WL 2856295, at \*2; . . . And in *Mujahid v. Newity*, LLC, 2025 WL 3140725 (N.D. Ill. Nov. 10, 2025), the district court's conclusion that "interpreting § 227(c) to include text messages is consistent with the text of § 227 as a whole" **ignores the meaningful-variation canon—** the idea that Congress must have intended distinct words in a statute to have different meanings. Mujahid, 2025 WL 3140725, at \*2.

*Id.* at \*4 (bold emphasis added) (some internal citations omitted).

Finally, in *McGonigle v. Pure Green Franchise Corp.*, the Southern District of Florida granted a motion to stay discovery while it resolved the defendant's pending motion to dismiss on the § 227(c)(5) issue. 2026 WL 111338, at \*2 (S.D. Fla. Jan. 15, 2026) (Singhal, J.). In doing so, the court explained that it was "**crystal clear**… that the Court will ultimately resolve this question by applying the canons of construction, analyzing precedent, and looking to other persuasive court opinions, not by deferring to the Federal Communication Commission's interpretation." *Id.* (emphasis added).

The court further observed that interpreting the term "telephone call" in § 227(c)(5) to encompass text messages "would likely more than double the number of private causes of action authorized by the TCPA," and emphasized that "[d]oubling the scope of the provision is not 'filling up the details'" within the meaning of *Loper Bright*. *McGonigle*, 2026 WL 111338, at \*2 (distinguishing the "oft misquoted passage" from *Loper Bright* concerning statutes that "expressly delegate" authority

or permit agencies to "fill up the details" of a statutory scheme) (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394–95 (2024)) (cleaned up).

The court rejected Plaintiff's request that it "use § 227(c)(1)(E) to resurrect *Chevron* out of the grave," and noted, "§ 227(c)(1)(E) may run afoul of the nondelegation doctrine, since there are no delimitations on the discretion it grants the Commission." *Id*. The case was then dismissed before the Court ruled on the argument. *Id*.

Dated: February 20, 2026                Respectfully submitted,

                                        */s/ Ryan D. Watstein*

                                        **McELROY, DEUTSCH, MULVANEY &
                                        CARPENTER, LLP**
                                        Matthew A. Lipman
                                        mlipman@mdmc-law.com
                                        1617 JFK Boulevard, Ste. 1500
                                        Philadelphia, Pennsylvania 19103
                                        Telephone: 215-557-2900
                                        Fax: (215) 557-2990


                                        **WATSTEIN TEREPKA, LLP**
                                        Ryan D. Watstein*
                                        GA 266019
                                        ryan@wtlaw.com
                                        Oyinkansola Y. Muraina*
                                        GA 357962
                                        omuraina@wtlaw.com
                                        75 14th Street NE, Ste. 2600
                                        Atlanta, Georgia 30309
                                        Telephone: (404) 779-5189
                                        Fax: (404) 537-1650
                                        *Admitted pro hac vice*

                                        *Counsel for Defendant RxLink Inc.*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 20, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>*/s/ Ryan D. Watstein*</u>
Ryan D. Watstein

*Counsel for Defendant*