IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOUREY NEWELL, *individually and on behalf of a class of all persons and entities similarly situated*,<br><br>        Plaintiff,<br><br>    v.<br><br>RXLINK INC.,<br><br>        Defendant. | CASE NO. 2:25-cv-04270-MRP |

**DEFENDANT RXLINK INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant RxLink Inc. ("RxLink") submits this Notice of Supplemental Authority, supporting RxLink's motion to dismiss.

In *Bradford v. Sovereign Pest Control of TX*, the Fifth Circuit confirmed that FCC interpretations of the TCPA are not entitled to deference when the interpretations are contrary to the plain meaning of the statute. *See* 2026 WL 520620, at *2 (5th Cir. Feb. 25, 2026). Following the Supreme Court's mandate in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024) and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), to "interpret the meaning of Congress's enacted text according to ordinary principles of statutory interpretation, without deference to an agency's reading," the Fifth Circuit held that the plain meaning of "prior express consent" under Section 227(b) of the TCPA "encompasses both oral and written consent." 2026 WL 520620 at *2.

In its simple, three-page published opinion, the Fifth Circuit further held that the TCPA's plain meaning "provides no basis" for the FCC's longstanding

regulation—in place for more than fourteen years—interpreting "prior express consent" to require written consent for certain pre-recorded calls, but not others. *Id.* at *2. The Fifth Circuit put it simply: "[C]ontrary to the FCC's regulation, Congress permits either written or oral consent for any auto-dialed or prerecorded call, as the TCPA specifically permits such calls if the caller has 'the prior express consent of the called party.'" *Id.* (quoting 47 U.S.C. § 227(b)(1), (b)(1)(A), (b)(1)(A)(iii)).

Here, the plain meaning of Section 227(c)(5) of the TCPA similarly "provides no basis" for the court to follow the FCC's interpretation of "telephone call" to include "text messages." This is particularly true because the FCC's cursory rationale is based on an interpretation of an entirely separate provision of the TCPA, Section 227(b), that *does not even use* the phrase "telephone call." *See* Targeting & Eliminating Unlawful Text Messages, 89 Fed. Reg. 5098, 5101 (Jan. 26, 2024); *see also Facebook v. Duguid*, 592 U.S. 395 (2021) (unanimously reversing Ninth Circuit's expansive interpretation of autodialer under the TCPA, itself based on the FCC's interpretation). Just as in *Bradford,* Mr. Newell's claim here fails as a matter of law under the plain meaning of the TCPA and must be dismissed.

*[Signature on Next Page]*

Dated: March 3, 2026　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Ryan D. Watstein*

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Matthew A. Lipman
mlipman@mdmc-law.com
1617 JFK Boulevard, Ste. 1500
Philadelphia, Pennsylvania 19103
Telephone: 215-557-2900
Fax: (215) 557-2990


**WATSTEIN TEREPKA, LLP**
Ryan D. Watstein*
GA 266019
ryan@wtlaw.com
Oyinkansola Y. Muraina*
GA 357962
omuraina@wtlaw.com
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5189
Fax: (404) 537-1650
**Admitted pro hac vice*

*Counsel for Defendant RxLink Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 3, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

              */s/ Ryan D. Watstein*
              Ryan D. Watstein

              *Counsel for Defendant*