**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOUREY NEWELL, *individually and*
*on behalf of a class of all persons*
*and entities similarly situated*,

                                        **CASE NO. 2:25-cv-04270-MRP**

          **Plaintiff,**

      **v.**

**RXLINK INC.,**

          **Defendant.**

**DEFENDANT RXLINK'S**
**APPLICATION FOR INTERLOCUTORY APPEAL**

Defendant RxLink Inc. ("RxLink") files this application pursuant to 28 U.S.C. § 1292(b), asking the Court to certify its Order (ECF No. 43) denying RxLink's Motion to Dismiss for interlocutory appeal.

RxLink moved to dismiss Plaintiff Journey Newell's Complaint, arguing that, in the wake of *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), a text message is not actionable under the Telephone Consumer Protection Act's ("TCPA") private action for do-not-call violations, 47 U.S.C. § 227(c)(5). That provision provides a cause of action for persons who receive "more than **one telephone call** within any 12-month period[.]" ECF Nos. 15, 33, 38–39, 41. Defendant argued that the plain and contemporaneous meaning of "telephone call" did and still does not include text messages. On March 12, 2026, the Court denied that motion. ECF No. 43.[1]

---

[1] RxLink does not seek interlocutory appeal as to its arguments that the text messages are not telephone solicitations or that the emergency purpose exception

The Court may certify an order for interlocutory appeal where it involves "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). If the elements are satisfied, the court "should not hesitate to certify an interlocutory appeal." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009). The § 1292(b) elements are satisfied here, and the Court should certify the Order for interlocutory appeal.

First, the issue on which RxLink seeks review presents a controlling question of law. A controlling question of law includes "every order which, if erroneous, would be reversible error on final appeal," and orders that are "serious to the conduct of the litigation, either practically or legally." *Katz*, 496 F.2d at 755. Courts routinely recognize that dispositive questions of statutory interpretation satisfy this standard. *See, e.g., Whalen v. W.R. Grace & Co.,* 56 F.3d 504, 506 (3d Cir. 1995) (entertaining and deciding an interlocutory appeal from an order granting leave to amend where the order presented a "narrow issue" that involved the "interpretation and application of legal principles" under a federal statute); *Southeast Pennsylvania Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 2020 WL 4041049, at *7 (M.D. Pa. July 17, 2020) (granting interlocutory appeal where order turned on application of statute of repose); *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 2013 WL 6858963, at *6 (W.D. Pa. Dec. 30, 2013)

---

applies. RxLink will argue those issues at summary judgment, obviating the need for interlocutory review on those issues.

(certifying interlocutory appeal related to the interplay of 20 U.S.C. §§ 1415(f)(3)(C) and 1415(b)(6)(B)).

Whether text messages are actionable under Section 227(c)(5) is a controlling and purely legal question. Plaintiff doesn't dispute that the communications at issue in this case are limited to text messages, so no factual development is needed to resolve the statutory question presented.

Next, there is a substantial ground for difference of opinion. "A 'substantial ground for difference of opinion' exists when the legal issue is difficult and of first impression, when there is conflicting authority, or when there is genuine doubt about the correct legal standard." *In re City of Chester, Pa.*, 2026 WL 607528, *at* 5 (E.D. Pa. Mar. 3, 2026) (Perez, J.). "The clearest evidence of substantial grounds for difference of opinion is where there are conflicting interpretations from numerous courts." *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (internal quotation and citation omitted). The element is also satisfied where the dispute involves "novel legal issues." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Dartell v. Tibet Pharms., Inc.*, 2018 WL 994896, at *5 (D.N.J. Feb. 21, 2018) (granting motion for interlocutory appeal where there was no "guidance from the Third Circuit, or any other circuit.").

This element is satisfied twice over. Initially, as the parties' briefing demonstrates, courts have already reached differing conclusions on whether text messages fall within the term "telephone call" in § 227(c)(5). At least six district courts across the country since *McLaughlin* have agreed with RxLink and dismissed their

3

respective cases entirely. *See Stockdale v. Skymount Prop. Grp., LLC, et al.*, 2026 WL 591842 (N.D. Ohio March 3, 2026); *Radvansky v. 1-800-Flowers.com*, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026); *Radvansky v. Kendo Holdings*, 3:23-cv-00214-LLM (N.D. Ga. Feb. 12, 2026); *Sayed v. Naturopathica Holistic Health*, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270 (N.D. Fla. Aug. 26, 2025); *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894 (C.D. Ill. July 21, 2025). Even some of the district courts that have gone the other way have acknowledged it's a close question. *See, e.g.*, *Alvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930, at *5 (S.D. Tex. Jan. 26, 2026) (acknowledging that because "call" is modified by "telephone," analyzing whether that modification excluded text messages was a "closer call").

Moreover, *Loper Bright* and *McLaughlin* amounted to a "sea change in the legal landscape," leaving district courts to decide a novel issue under the current interpretive framework. *1-800-Flowers.com, Inc.*, 2026 WL 456919, at *3. This issue will ultimately need to be resolved by every circuit court in the country, and likely ultimately by the Supreme Court, further justifying interlocutory review. Accordingly, the second § 1292(b) element is satisfied.

Third, immediate appellate review would materially advance the termination of this litigation. In analyzing this element, courts consider "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Ravotti v. OneJet, Inc.,* 2021 WL 4391284, at *3

4

(W.D. Pa. Sept. 24, 2021) (internal quotation omitted). This element is satisfied where a favorable ruling would lead to dismissal of the plaintiff's claims. *Pa. v. Navient Corp.*, 2019 WL 1052014, at *4 (M.D. Pa. Mar. 5, 2019).

Here, if text messages are not actionable, Plaintiff's claims fail as a matter of law. Resolving this controlling legal question now would conserve enormous judicial resources and materially advance the efficient resolution of these proceedings.

Finally, interlocutory review is also warranted because this is an issue of nationwide importance. *Navient,* 2019 WL 1052014, at *2; *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, 2011 WL 1044864, at *4 (E.D. Pa. Mar. 23, 2011) (in granting interlocutory appeal, finding "the Third Circuit's determination of this issue could potentially have a widespread impact[.]"). Thousands of TCPA class actions are filed each year.[2] There are over two hundred cases currently pending in this district.[3] And, as the parties' briefing demonstrates, courts throughout the country have reached different conclusions on whether the term "telephone call" includes text messages. The Third Circuit's guidance would promote uniformity in numerous cases pending in this circuit.

As all § 1292(b) elements are satisfied, and the Order also involves an issue of nationwide significance, so the Court should certify it for interlocutory appeal.

---

[2] Eric Troutman, *Numbers Don't Lie: Statistics Show Why TCPA Risk is 10x Higher Than Risk Posed By Other Consumer Protection Statutes*, TCPAWorld (Dec. 2, 2025), https://tcpaworld.com/2025/12/02/numbers-dont-lie-statistics-show-why-tcpa-risk-is-10x-higher-than-risk-posed-by-other-consumer-protection-statutes/ (1807 TCPA class actions filed in 2025).

[3] *Law360* search results for "TCPA" cases (filtered to E.D. Pa.) (accessed Mar. 23, 2026), https://www.law360.com/search/cases?q=tcpa.

Dated: March 23, 2026          Respectfully submitted,

*/s/ Matthew A. Lipman*

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Matthew A. Lipman
mlipman@mdmc-law.com
1617 JFK Boulevard, Ste. 1500
Philadelphia, Pennsylvania 19103
Telephone: 215-557-2900
Fax: (215) 557-2990


**WATSTEIN TEREPKA, LLP**
Ryan D. Watstein
GA 266019
ryan@wtlaw.com
Oyinkansola Y. Muraina
GA 357962
omuraina@wtlaw.com
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5189
Fax: (404) 537-1650
*Admitted Pro hac vice*

*Counsel for Defendant RxLink Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/CEF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Matthew A. Lipman*
Matthew A. Lipman
*Counsel for Defendant*

7