**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> *v.* <br><br> **RXLINK INC.** <br><br> *Defendant.* | Case No. <br><br> 2:25-cv-4270-MRP <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**APPLICATION FOR INTERLOCUTORY APPEAL AND REQUEST FOR STAY**

## INTRODUCTION

RxLink is not seeking interlocutory review because this Court's ruling created genuine legal uncertainty. It is seeking early appellate review because it simply disagrees with this Court's ruling and wants the Third Circuit to decide it now. But § 1292(b) is not a vehicle for advisory appellate guidance. RxLink cannot show a substantial ground for difference of opinion because there is no circuit split, the only circuit-level authority directly addressing whether texts are "calls" agrees with this Court, and every Court in this Circuit, including Judge Henry of this Court, to address the issue, has agreed with Plaintiff and this Court.

What's more, RxLink repeatedly told this Court in its Reply that it should certify the question for interlocutory review, citing the District Court's certification in *Dilanyan v. Hugo Boss Fashions, Inc*. In *Dilanyan*, the Ninth Circuit denied the permission to appeal. *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 25-7951, ECF No. 7-1 (9th Cir. Jan 27, 2026). That history is especially telling because the Ninth Circuit had already made clear just weeks prior, in *Howard*

*v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026), that text messages are "calls" under the TCPA. Because Defendant cannot show a substantial ground for difference of opinion—and because that failure alone defeats certification, its application and related request for a stay should be denied.

## BACKGROUND

Plaintiff alleges that Defendant sent unlawful telemarketing text message calls to him in violation of the TCPA's do-not-call provisions, 47 U.S.C. § 227(c). RxLink moved to dismiss, among other grounds, on the theory that text message calls are not actionable under § 227(c)(5) because, in its view, a text message is not a "telephone call." On March 12, 2026, this Court denied that motion after full briefing and multiple rounds of supplementation. ECF No. 43.

RxLink now seeks certification of the Court's order for interlocutory appeal under 28 U.S.C. § 1292(b). It argues there is substantial disagreement because some *district courts* outside this Circuit have gone the other way. It contends that *Loper Bright* and *McLaughlin* created a "sea change" in the legal landscape justifying interlocutory review. And it asserts (citing no one) that the issue will need to be decided by every circuit and likely the Supreme Court. RxLink separately asks for a stay of proceedings.

That framing is revealing. RxLink is asking for appellate review because it disagrees with this Court's decision, not because § 1292(b)'s stringent standard is met here, and certainly not because this Court got its statutory analysis wrong when applying ordinary everyday principles of statutory interpretation, as this Court is required to do after *Loper Bright*.

## LEGAL STANDARD

Section 1292(b) is a narrow, discretionary exception to the final judgment rule. The Court may certify an order for interlocutory appeal only where it involves (1) "a controlling question of

2

law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Defendant must establish, and the district court must certify, all three elements, and failure on any one prong is fatal to the application. *Id.* A district court's decision on the matter is reviewed on an abuse of discretion standard. *Id.* at 755. "[M]ere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)." *Bradley v. Amazon.com*, No. 17-CV-1587, 2023 WL 7196427, at *1 n.1 (E.D. Pa. Sept. 20, 2023)

Plaintiff focuses primarily on the second prong, whether there is a substantial ground for difference of opinion, because that is where Defendant's application plainly fails. The Court need not decide the remaining prongs if Defendant cannot satisfy that requirement. *Katz*, 496 F.2d at 754.

## ARGUMENT

### I.    Defendant has not shown a substantial ground for difference of opinion.

As an initial matter, RxLink fails to show a substantial ground for difference of opinion because there is no circuit split on the issue of whether text message calls are "calls" within the meaning of the TCPA. In fact, the only Court of Appeals to have directly addressed the issue after *Loper Bright*, the Ninth Circuit, has held that text messages are "calls." Whatever out-of-circuit district-court disagreement exists is outweighed by the only appellate authority on point, the Third Circuit's existing case law, and the emerging uniformity inside this Circuit.

RxLink talks about disagreement among district courts, not disagreement among circuits. That is a major problem for a § 1292(b) application. Courts traditionally find a substantial

ground for difference of opinion where the *circuits* are in dispute on the question *and* the court of appeals of the circuit has not spoken on the point. *See Blum v. Caldwell*, 446 U.S. 1311, 1316 (1980); *Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 892 (C.D. Cal. 2015). Here, the circuit courts of appeal are not in dispute on the question. What's more, there is no district court split within the Third Circuit, either. *In re Goody's Fam. Clothing, Inc.*, No. CIV.A. 09-409RMB, 2009 WL 2355705, at *2 (D. Del. July 30, 2009) (denying motion for interlocutory appeal partly because "no split of authority exists within the Third Circuit"). That alone should give this Court pause on the instant application.

There is only one court of appeal to have addressed RxLink's argument after *Loper Bright*, and it agrees with this Court's decision. In *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1124 (9th Cir. 2026), the Ninth Circuit held, post-*Loper Bright* and under *de novo* review, that a "text message" constitutes a "call" within the meaning of the TCPA. The court confirmed that "text messaging plainly fits within that literal definition of a 'call,' because 'text messaging is a form of communication used primarily between telephones.'" *Id.* (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009)). The Ninth Circuit concluded that the result would be the same "even in the absence of *Chevron* deference." *Id.* at 1123.

Defendant may argue that *Howard* specifically addressed § 227(b), not § 227(c)(5). But *Howard*'s reasoning on the meaning of "call" directly undercuts RxLink's claim that there is a real appellate-level dispute about whether text message calls can be "calls" under the TCPA. As a Court has held directly addressing this argument and its application to *Howard*:

> While both cases reached these decisions in the context of analyzing § 227(b) of the TCPA, rather than § 227(c)(5) at issue here, neither *Satterfield* nor *Howard* elected to use language to limit the scope of their holdings. Both cases state that their holdings apply to "the TCPA," and that is how this Court interprets them.

4

Defendant argues that the addition of the word "telephone" changes the textual analysis when it comes to § 227(c)(5). However, this argument overemphasizes the significance of the word "telephone" in this context. "Telephone" is even used in the dictionary definition of "call" relied upon by the *Satterfield* and *Howard* courts. *See* Webster's Third New International Dictionary 318 (1981 ed.) ("call" means a "communicat[ion] with or [an attempt] to get in communication with a person by telephone"). To argue that the addition of the word "telephone" eliminates text messages ignores the redundancy of the term inherent to this definition. Defendant argues that "[b]oth at [the inception of the TCPA] and now, 'telephone call' means only a telephonic voice transmission." Ironically, the Ninth Circuit already expressed how Congress would make such a limitation in *Trim v. Reward Zone USA LLC*, 76 F.4th 1157 (9th Cir. 2023), which is reference in *Howard*. In *Trim*, the Ninth Circuit held that the text messages at issue did not qualify under the TCPA because "because they did not include audible components" which contrasted with Congress's use of the word "voice" in the statute at issue. 76 F.4th at 1158, 1160-61 (analyzing "the disputed term—'voice'" in the context of 47 U.S.C. § 227(b)(1)(A)). Thus, had Congress intended to eliminate textual communications from § 227(c)(5) it would have used the phrase "voice call," rather than "telephone call."

*Taha v. Momentive Software, Inc.*, No. 8:25-cv-02330-DOC-JDE, 2026 U.S. Dist. LEXIS 54376, at *7-*8 (C.D. Cal. Mar. 11, 2026) (cleaned up).

The Third Circuit has already spoken to this issue pre-*Loper Bright* but applying similar reasoning. In *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 117 n.3 (3d Cir. 2018), the Third Circuit stated that, although the statute refers only to "calls," "under the TCPA, that term encompasses text messages." This is the same "under the TCPA" language adopted by both the *Howard* Court and the Supreme Court in *Campbell-Ewald*. It is also the language that the Third Circuit has long used. *Id.* (citing *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (holding the TCPA applies to both "voice calls" and "text messages," and noting that a "text message" is a "call")). And the decision in *Taha* shows why there is no meaningful difference as between interpretations of the same term in different subsections of the TCPA.

The uniform authorities on this point show that the word "call" is fundamentally compatible with text message calls under the TCPA. There is no reasonable appellate-level authority holding otherwise. This is especially persuasive where RxLink is arguing not merely that § 227(c)(5) is narrower in some procedural way, but that "telephone call" as such

5

categorically excludes text messages. The Third Circuit's recognition that "calls" encompass texts under "the TCPA" in both *Gager* and *Dominguez* forecloses that position.

What's more, there is no intra-circuit disagreement at all, either. Post *Loper Bright* and *McLaughlin*, *every* court in the Third Circuit to address whether text messages are actionable under § 227(c)(5) *has agreed with Plaintiff*, including this one, including decisions by Judges Murphy and Henry of this Court, including with respect to Mr. Newell his very self. *Cole v. C/T Install America, LLC*, No. CV 25-3531, 2026 WL 916582, at *1 n.1 (E.D. Pa. Mar. 23, 2026) ("The structure of the entire TCPA leads to the conclusion that § 227(c) does include text messages.") (Henry, J.); *Rubin v. Staples, Inc.*, No. 2:25-15515 (WJM), 2026 WL 881651, at *6 (D.N.J. Mar. 31, 2026) ("[T]he Court concludes that "telephone call" can encompass text messages for purposes of § 227(c)(5) and 47 C.F.R. § 64.1200(d)."); *Newell v. Childrens Dental Health Assocs, LLC*, No. 2:25-cv-05238, ECF No. 25 (E.D. Pa. Apr. 6, 2026) (holding text message calls are calls with respect to same Plaintiff).

No court in the Third Circuit has held the opposite. That is the opposite of "substantial ground for difference of opinion" in the forum, the Third Circuit, that matters most. Even if some out-of-circuit district courts disagree, there is no disagreement among courts in this Circuit, and no disagreement among the Circuits themselves. Where the Third Circuit has already recognized that "calls" encompass text message calls, and every district court in this Circuit to confront § 227(c)(5) has ruled for Plaintiff's position, Defendant cannot show the sort of genuine uncertainty that justifies immediate appellate review.

## II.   None of Defendant's other reasons for a supposed difference of opinion are particularly availing.

Nor are any of the Defendant's other authorities particularly availing, either. District court disagreement, by itself, is not the same thing as a substantial ground for difference of

opinion. That is particularly so where, as here, there is no circuit split, the only court of appeals to directly address the issue sides with Plaintiff, and all courts in this Circuit agree with Plaintiff.

RxLink's cited cases, almost all of which it already brought up in its numerous supplemental briefings on the issue, do not establish a genuine split of reasoned authority. The newer and better-reasoned decisions, especially in this Circuit and in the Ninth Circuit, have engaged the text, structure, and purpose of the statute more fully and reached the opposite conclusion by applying generally accepted principles of statutory interpretation to conclude that text messages comfortably fit within the contemporary definition of a "call" at the time the TCPA was enacted. Section 1292(b) does not exist to resolve every emerging district court disagreement immediately.

In fact, the Defendant's authorities largely reflect a kind of jurisprudential echo chamber, with courts repeating inherited conclusions rooted in underdeveloped, faulty reasoning. As this court recognized in *Childrens Dental*, the opposing line of cases, exemplified by *Davis* and *Jones*, focused narrowly on modern parlance rather than undertaking the proper inquiry into the ordinary public meaning of 'call' at the time of the TCPA's enactment in 1991. By contrast, courts that have conducted comprehensive statutory analysis, beginning with *Satterfield* and continuing through *Campbell-Ewald*, *Cole*, and *Wilson*, have consistently concluded that the statutory text, structure, and purpose support the inclusion of text message calls. Holding otherwise would "yield potentially absurd inconsistencies," creating an irrational asymmetry in which consumers could challenge unsolicited marketing texts under § 227(b) but would lack any private right of action under § 227(c) after registering on the Do Not Call Registry, a result directly at odds with the statute's consumer protection purpose. *Childrens Dental*, at p. 13.

7

Nor does the death of *Chevron* deference change the fact that this Court arrived at its conclusion by addressing ordinary principles of statutory interpretation, precisely as *Loper Bright* counseled. The extensive briefing in this matter shows how a text message comfortably fits within the definition of a "call" under the TCPA, even after *Loper Bright*. All those decisions were available to the Court when it first ruled; there is no new Supreme Court authority altering the analysis that this Court already undertook. Indeed, *Howard* already addressed the "call" issue after *Loper Bright* and held that the same result follows, even under *de novo* review and in the absence of *Chevron* deference. 164 F.4th at 1123.

The *Howard* court concluded that it was clear from *Satterfield*'s substantive analysis that the conclusion would be the same, even in the absence of *Chevron* deference. *Id.* That is because the statute's text, structure, and purpose still point toward including texts, even without any deference to the FCC. The ordinary meaning of "call" as a communication by telephone encompasses text messages, including in the very dictionaries themselves. *Taha*, 2026 U.S. Dist. LEXIS 54376, at *7. The statutory definition of "telephone solicitation" as a "call or message" confirms the breadth of the term. 47 U.S.C. § 227(c)(1); *Rabbitt v. Rohrman Midwest Motors, Inc.*, No. 25 C 11312, 2026 WL 851279, at *3 (N.D. Ill. Mar. 27, 2026) (addressing the interplay between the term "telephone solicitation" and "telephone call"). The statute's command against making a "telephone solicitation" further supports the inclusion of text-based calls. *Id.* § 227(c)(3)(F). Defendant's "sea change" rhetoric is especially unpersuasive because the post-*Loper Bright* appellate authority, which this Court already considered, cuts against it, not for it.

RxLink, citing no one, says the instant issue will need to be resolved by every circuit and likely the Supreme Court. It says the issue is nationally important and that Third Circuit guidance would "promote uniformity." That is an argument for eventual appellate review in the ordinary

course, not interlocutory review now. A defendant cannot convert "we want appellate guidance" into "there is substantial ground for difference of opinion." *Bradley*, 2023 WL 7196427, at *1; *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 657 F. Supp. 2d 504, 507 (D.N.J. 2009) ("[A] party's mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion.'"); *Snook v. Penn State Geisinger Health Plan*, No. 4:CV-00-1339, 2002 WL 34463156, at *5 (M.D. Pa. Mar. 4, 2002) (same). Section 1292(b) does not authorize certification merely because a losing party believes the issue is important, recurring, or worthy of appellate attention, even if it is an issue of first impression in this Circuit (which it is not). *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983).

## III.   Defendant's repeated reliance on *Dilanyan* only underscores why certification should be denied.

In its reply to the Plaintiff's opposition to its motion to dismiss, RxLink repeatedly invoked *Dilanyan v. Hugo Boss Fashions, Inc.*, as support for the proposition that this issue required interlocutory review. But, in *Dilanyan*, after the District Court certified the issue, the Ninth Circuit *denied* the petition for interlocutory review. *Dilanyan*, ECF No. 7-1. That history is devastating to RxLink's position. And it matters even more because, by the time the Ninth Circuit denied the *Dilanyan* petition, it had already issued *Howard*, confirming that texts are "calls" under the TCPA.

This Court need not speculate about the Ninth Circuit's reasoning. *Dilanyan*'s procedural history shows that, even after certification of an identical question, another court of appeals refused interlocutory review. At minimum, that history defeats Defendant's suggestion that certification is the obvious or necessary course. And given *Howard*, the Ninth Circuit's refusal is entirely consistent with Plaintiff's position that there is no genuine uncertainty here.

**IV.    Interlocutory review would not materially advance the termination of the litigation, and a stay should be denied.**

Because Defendant cannot show substantial grounds for disagreement, the Court need not decide the third prong. But even so, an immediate appeal will not materially advance the progress of this case. Quite the opposite. An immediate appeal will hinder its progress in what is likely to be, if *Dilanyan* is any guide, a refusal by the Third Circuit to hear any certified question. There is currently no pending appeal of any of the three uniform Third Circuit decisions on this issue thus far, and this Court should not be the first. *See in re Goody's* 2009 WL 2355705, at *2 (D. Del. July 30, 2009). What's more, RxLink says it is not seeking interlocutory review on its other arguments and will raise them again at summary judgment. That simply shows an appeal here will not cleanly terminate the litigation in the practical sense RxLink suggests.

Finally, because certification is unwarranted, there is no basis to halt the case. A stay is not automatic upon the filing of an application for interlocutory appeal. If the application is denied, the stay request falls with it. Even otherwise, Defendant has not shown that the extraordinary remedy of pausing the case pending an application for interlocutory appeal is justified merely because it wants appellate review of a legal issue it lost.

**CONCLUSION**

Defendant's bid for interlocutory review should be denied. There is no circuit split, this Court's decision is in line with others in this Circuit and the Third Circuit itself, and the only Court of Appeals to have directly addressed the issue after *Loper Bright* has concluded that text messages are calls under the TCPA. Defendant's motion is simply an attempt to obtain premature appellate guidance on an issue that can be reviewed in the ordinary course after final judgment. The motion should be denied.

10

Dated: April 6, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically

send a copy to all attorneys of record on the case.

April 6, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

11