## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOUREY NEWELL**, *individually and on behalf of a class of all persons and entities similarly situated*,

   **Plaintiff,**

  v.

**RXLINK INC.,**

   **Defendant.**

**CASE NO. 2:25-cv-04270-MRP**

### DEFENDANT RXLINK INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant RxLink Inc. ("Defendant") submits this answer and affirmative defenses to Plaintiff Journey Newell's ("Plaintiff") Class Action Complaint as follows:

### Preliminary Statement[1]

1. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote authority regarding the TCPA, which speaks for itself, and denies any allegations inconsistent therewith. Except as expressly admitted, Defendant denies the allegations in this paragraph.

2. This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote certain regulations and *Krakauer v. Dish Network, L.L.C.*, which speaks for itself, and denies

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

any allegations inconsistent therewith. Except as expressly admitted, Defendant denies the allegations in this paragraph.

3. Defendant admits only that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"). Defendant denies all remaining allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever against Defendant.

4. Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Federal Rule of Civil Procedure 23.

5. Denied.

### Parties

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph and therefore denies the same.

7. Admitted.

### Jurisdiction & Venue

8. Defendant admits only that Plaintiff purports to assert a claim arising under federal law. Defendant denies the remaining allegations in this paragraph to the extent a response is required.

9. Denied.

10. Denied.

**The Telephone Consumer Protection Act**

11.     This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant admits only that Plaintiff purports to quote authority regarding the TCPA, which speaks for itself, and denies any allegations inconsistent therewith.

The National Do Not Call Registry

12.     This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the referenced authority speaks for itself and denies any allegations inconsistent therewith.

13.     This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the referenced authority speaks for itself and denies any allegations inconsistent therewith.

14.     This paragraph does not contain well-pleaded allegations of fact, and no response is required. To the extent a response is required, Defendant asserts that the referenced authority speaks for itself and denies any allegations inconsistent therewith.

**Factual Allegations**

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

16.     Admitted only that Defendant is a healthcare technology platform. Defendant denies the remaining allegations in this paragraph.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

22. Defendant admits that Plaintiff purports to partially describe and characterize text messages he received. The text messages he received speak for themselves, and Defendants deny any allegations inconsistent with the messages. As to any remaining allegations, denied.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph and therefore denies the same.

24. Denied.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

26. Denied.

27. Denied.

28. Denied.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

30. Denied.

31. Denied.

**Class Action Statement**

32.     Defendant incorporates by reference all prior responses as if fully set forth herein.

33.     Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Rule 23.

34.     Defendant admits only that Plaintiff purports to define a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that the proposed class is certifiable or satisfies the requirements of Rule 23.

35.     Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Rule 23.

36.     Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Rule 23.

37.     Defendant admits only that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations in this paragraph and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Rule 23.

38.     Defendant admits only that Plaintiff purports to seek injunctive relief and money damages. Defendant denies that Plaintiff or any putative class member is entitled to any relief

whatsoever and expressly denies that any action or putative class is authorized by Federal Rule of Civil Procedure 23, that this action is certifiable as a class action, and that the proposed class meets the requirements of Rule 23.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

50. Defendant incorporates by reference all other responses as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**PRAYER FOR RELIEF**

Defendant denies the allegations in Plaintiff's unnumbered "Prayer for Relief," including, without limitation, the relief sought in subparagraphs A through D, and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

**JURY DEMAND**

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

**GENERAL DENIAL**

Defendant denies all allegations set forth in the Complaint that are not specifically admitted here.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Residential Number)**

Plaintiff's claims are barred to the extent his number or putative class members' numbers are not residential.

**THIRD AFFIRMATIVE DEFENSE**

**(Prior Express Consent/Prior Invitation or Permission)**

Plaintiff and the putative class members are barred from asserting their claims in whole

or in part because the calls at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, and Unclean Hands)

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate their purported damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant did not proximately cause any damages, injuries, or violations alleged in the Complaint.  Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the numbers on which Plaintiff allegedly received calls) proximately caused any damages, injuries, or violations at issue, to the extent they occurred at all.

## NINTH AFFIRMATIVE DEFENSE

### (Standing/Zone of Interests)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, and because Plaintiff may not have suffered any Article III harm pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (particularly with respect to the putative classes he seeks to represent). For similar reasons, Plaintiff and similar individuals are outside the zone of interests the TCPA is intended to protect.

## TENTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable.  Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  As such, Defendant cannot be held vicariously liable.  And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the statute are unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis. Thus, both statutes violate Due Process, facially and as applied.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No "Call" and No Call "Made")

Defendant did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction and Improper Venue)

Plaintiff and the putative class members (if any) are barred from asserting claims in this jurisdiction to the extent the Court lacks personal jurisdiction and to the extent venue is improper, including under *Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cty.*, 582 U.S. 255 (2017).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

Any and all TCPA claims brought in the Complaint are barred by an established business relationship with the caller.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot validly or constitutionally be applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Damages Limitation)

Plaintiff and the putative class members are barred from asserting their claims to the extent that limitations on exclusive remedies and damages set forth in the applicable Terms of Service are applicable to them.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Practices and Procedures)

Any and all claims brought in the Complaint are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (One Call)

Any and all claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or the putative class members did not receive more than one call within any 12-month period by or on behalf of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and/or related regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Any and all claims brought in the Complaint are barred because Defendant possessed a

good faith belief that it had consent to call the number at issue.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (FCC Exceeding Delegated Authority)

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Immediate Threat of Future Injury)

Plaintiff's request for injunctive relief is barred with respect to any alleged TCPA claims as the alleged violations are not likely to recur.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, Defendant gives notice that in the event that this Court certifies any class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Emergency Purposes Exemption)

Any and all claims brought in the Complaint are barred, in whole or in part, because the messages at issue were made for emergency purposes within the meaning of the TCPA and its implementing regulations, including 47 C.F.R. § 64.1200(f)(4), and thus fall outside the conduct prohibited by the TCPA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Any and all claims brought in the Complaint are barred, in whole or in part, because the messages at issue were healthcare messages exempt under the TCPA and its implementing regulations, including 47 C.F.R. § 64.1200(a)(3)(v). The messages concerned health-related products or services, were made by or on behalf of healthcare providers and/or covered entities or their business associates, and concerned prescriptions and the recipient's individual healthcare needs.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

The Complaint fails, in whole or in part, because the messages at issue were not "telephone solicitations" within the meaning of the TCPA. The messages did not encourage the purchase or rental of, or investment in, property, goods, or services, but instead conveyed informational, prescription-related, and cost-saving healthcare information.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

*[Signature on Following Page]*

Dated:  April 27, 2026

Respectfully submitted,

*/s/ Ryan D. Watstein*

**McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP**
Matthew A. Lipman
mlipman@mdmc-law.com
1617 JFK Boulevard, Ste. 1500
Philadelphia, Pennsylvania 19103
Telephone: 215-557-2900
Fax: (215) 557-2990

**WATSTEIN TEREPKA, LLP**
Ryan D. Watstein*
GA 266019
ryan@wtlaw.com
Oyinkansola Y. Muraina*
GA 357962
omuraina@wtlaw.com
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Telephone: (404) 779-5189
Fax: (404) 537-1650
*Pro hac vice* forthcoming

*Counsel for Defendant RxLink Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/CEF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Ryan D. Watstein</u>
Ryan D. Watstein

*Counsel for Defendant*