RULE 16 CONFERENCE INFORMATION REPORT

Civil Action No. __25-4270__ Jury Trial __x__ Bench Trial _____ Arbitration _____

Service of Process Made __8/1/25_____

(Date)

Caption: _Newell v. RxLink Inc._____

Trial Counsel: __Anthony Paronich, Andrew Perrong (P)_____

Representing: __Plaintiff_____

Law Firm:

_Paronich Law / Perrong Law_____

Telephone: __215-225-5529____ Fax: __888-329-0305____ E-Mail: __a@perronglaw.com__

Are there threshold motions? __None._____

(Identify Motion(s))

When will discovery be completed? __1/29/2027_____

(Date)

Will motion for summary judgment be filed?    Yes _____    No __x, but Motion for Class Cert.__

Has settlement been discussed?    Yes __✓__    No _____

If not, why not? _____

Future settlement conference requested    Yes _____    No __X__

Novel issues or special problems?    Yes __X__    No _____    If yes, describe.

Plaintiff understands that Defendant intends to seek to bifurcate discovery.

Ready for trial by? __March 2027_____

Trial time estimates:    Time to present your case __3 days individually, 5 if class__

Time for entire trial __2 weeks__

Date: __7/10/2026_____

Signature of counsel

Andrew Perrong

Typed or printed name

**RULE 16 CONFERENCE INFORMATION REPORT**

Civil Action No.    25-4270 Jury Trial  **x**_____    Bench Trial _____    Arbitration _____

Service of Process Made    8/1/25 _____
                                              (Date)

Caption:   Newell v. RxLink Inc. _____

Trial Counsel:    Ryan D. Watstein _____

Representing:    Defendant RxLink Inc. _____

Law Firm:    Watstein Terepka, LLP _____

Telephone:  *404-782-695*_____    Fax:  *404-537-1650*_____    E-Mail:  *ryan@wtlaw.com*

Are there threshold motions?    Defendant anticipates a dispositive motion to Plaintiff's individual claims after Phase One.
                                                      (Identify Motion(s))

When will discovery be completed?    90 days after entry of scheduling order (Phase One)
                                                              (Date)
                                                                                *(dispositive motion after Phase One)*

Will motion for summary judgment be filed?        Yes  **x**_____    No _____

Has settlement been discussed?        Yes  **x**_____    No _____

If not, why not? _____

Future settlement conference requested        Yes  **x**_____    No _____
                                                                *(after Phase One)*

Novel issues or special problems?        Yes  **x**_____    No _____    If yes, describe.

Defendant will seek phased (bifurcated) discovery—individual/Rule 23 issues before class-wide discovery.

Ready for trial by?    To be set after Phase One and ruling on Defendant's dispositive motion. _____

Trial time estimates:    Time to present your case        2-3 days (Defendant's case) _____

                                      Time for entire trial        TBD; longer if tried as a class action _____

Date: July 13, 2026 _____

Signature of counsel
Ryan D. Watstein _____
Typed or printed name

**Joint Status Report Pursuant to Rule 26(f)**

**Caption:** *Newell v. RxLink Inc.*

**Civil Action No:** 2:25-cv-4270-MRP

**Basis of Jurisdiction:** Federal question, 28 U.S.C. § 1331 (Telephone Consumer Protection Act, 47 U.S.C. § 227)

**Jury Trial:** [ x ]   **Non-Jury Trial:** [  ]   **Arbitration:** [  ]

**1. Plaintiff's brief factual summation of the case and claims:**

Plaintiff contends that he received telemarketing text message calls to a number on the Do Not Call Registry in violation of the TCPA without his consent. Plaintiff has brought this case as a putative class action of all others similarly situated who have received similar calls.

**2. Defendant's brief factual summation of the case, claims, and defenses:**

RxLink is a healthcare technology platform that, on behalf of and at the direction of independent healthcare providers and within existing provider-patient relationships, sends informational, non-telemarketing text messages notifying patients that a prescription has been written or filled and identifying resources—such as manufacturer assistance or discount programs—that may reduce the patient's cost for that prescribed medication. RxLink does not sell or advertise products or services to consumers and does not dispense prescriptions. Plaintiff alleges that between June and July 2025, he received such prescription-related text messages at a telephone number registered on the National Do-Not-Call Registry, and asserts a single claim under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200. Defendant denies any violation. Among other defenses, the messages at issue were not "telephone solicitations" within the meaning of 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(f)(15), were sent with consent and in connection with an existing relationship, and did not cause Plaintiff any cognizable injury.

Defendant further contends that Plaintiff's claims are not suitable for class treatment for a variety of reasons, including that Plaintiff's claims are atypical of the putative class and Plaintiff is an inadequate class representative.

**3. Plaintiff's counsel participating in the Rule 16 Conference:**

Andrew Perrong

**4. Defendant's counsel participating in the Rule 16 Conference:**

Ryan D. Watstein and Oyinkansola Y. Muraina (Watstein Terepka, LLP); Matthew A. Lipman (McElroy, Deutsch, Mulvaney & Carpenter, LLP).

**5. When did the parties hold the Rule 26 Conference?**

5/11/2026

**6. When did the parties comply with Rule 26(a)'s duty of self-executing disclosure?**

The parties have not yet exchanged initial disclosures. Defendant proposes that initial disclosures be exchanged within fourteen (14) days after the Rule 16 conference.

**7. Plan for Discovery:**

**a. The parties anticipate that discovery should be completed within __210 days (Plaintiff) 90__ days (defendant).** Plaintiff proposes a single, unified discovery period of 210 days, without phasing. Plaintiff would like the opportunity to brief Defendant's bifurcation proposal through appropriate motions practice.

Defendant proposes expedited phased discovery. Phase One—discovery relating to Plaintiff's individual claims and Plaintiff's ability to serve as a class representative—should be completed within 90 days after entry of the Court's scheduling order. The parties would submit a proposed schedule for Phase Two (class discovery), if any, within 30 days after the close of Phase One.

**b. If you contend the discovery period should exceed 90 days, please explain:**

Plaintiff contends that this is a putative class action that requires additional discovery, including class discovery. Plaintiff would like the opportunity to brief Defendant's bifurcation proposal and contends that this relief should be sought through appropriate motions practice.

Defendant proposes phased discovery to promote efficiency and proportionality. Phase One would address discovery relating to the named Plaintiff and Plaintiff's individual claims— including Plaintiff's deposition, document discovery directed to Plaintiff, and discovery bearing on Plaintiff's typicality and adequacy to serve as a class representative under Rule 23(a). Class-wide discovery, if any, would follow in a later phase and only if the case proceeds past threshold individual and Rule 23(a) issues.

Phasing avoids the substantial burden and expense of class-wide discovery before the Court and the parties can assess whether Plaintiff's individual claims are viable and whether Plaintiff can satisfy Rule 23(a)'s threshold requirements.

**c. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?** Yes.

**d. Identify any other discovery issues that should be addressed at the Rule 16 Conference, including limitations on discovery, protective orders needed, or other elements which should be included in a particularized discovery plan:**

Electronically Stored Information. The parties will meet and confer regarding a protocol for the preservation, collection, and production of electronically stored information, including the

format of production, and will submit any agreed protocol—or any disputes—to the Court promptly.

Phasing. Defendant requests that class-wide discovery be deferred pending completion of Phase One, as described above.

The Parties will work cooperatively should the need for a protective order arise.

**e. Does either side anticipate the use of experts? If yes, what is the proposed deadline for expert discovery?**   Yes, Plaintiff may retain experts, regardless of the phasing proposal.

Defendant does not presently anticipate the use of experts in Phase One. To the extent expert discovery becomes necessary—in Phase One or otherwise—its scope will depend on the claims and defenses then at issue, and Defendant proposes that any expert-discovery deadlines be set following the close of Phase One or in a subsequent scheduling order.

**8. Proposed deadline for filing dispositive motions:**

Plaintiff proposes March 1, 2027.

Defendant proposes that dispositive motions directed to Plaintiff's individual claims be due 30 days after the close of Phase One discovery. This sequencing allows individual claims and threshold Rule 23 adequacy and typicality issues to be tested before the parties incur the expense of class-wide proceedings.

**9. Approximate date case should be trial-ready:**

Plaintiff proposes March 2027, after dispositive motions are decided.

Given the proposed phased structure, Defendant submits that a trial-ready date cannot reliably be set at this time. Defendant believes that the case will be resolved in its entirety following Phase One, including dispositive motion practice on Plaintiff's individual claims. To the extent the case is not fully resolved at that stage, Defendant proposes that the parties submit a proposed schedule for the remainder of the case, including a proposed trial-ready date, within 7 days after the Court's order on Defendant's dispositive motion.

**Time for Plaintiff's case:** 3-5 days    **Time for Defendant's case:** 2-3 days (but potentially significantly longer if the case is tried as a class action)

**10. Does your client consent to proceeding before a Magistrate Judge for final disposition?**

No.

**11. Is a settlement conference likely to be helpful? (yes/no)**

No.

**If so, when: Early (yes/no):** No    **After Discovery (yes/no):** Yes (following Phase One)

*This form should be submitted to Chambers by email: Perez_Chambers@paed.uscourts.gov*