**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOUREY NEWELL,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **RXLINK INC.** <br><br> *Defendant.* | Case No. <br><br> 2:25-cv-4270-MRP |

**ORDER**

**AND NOW**, this 28th day of July, 2026, following a Rule 16 status conference in this matter, it is hereby **ORDERED** as follows:

1. The parties shall exchange the disclosures required by Federal Rule of Civil Procedure 26(a)(1) by **July 30, 2026**.

2. By **August 11, 2026**, the parties shall meet and confer concerning the preservation, collection, and production of electronically stored information, including the format of production. Any unresolved issues shall be promptly brought to the Court's attention.

3. Any motion to amend the pleadings or add parties shall be filed by **August 21, 2026**.

4. **Phase One: Individual and Threshold Rule 23 Discovery.** Phase One discovery shall close on October 23, 2026.

   a. Phase One shall focus on Plaintiff's individual claim, Defendant's defenses to that claim, and threshold issues concerning Plaintiff's ability to represent the proposed class. Discovery may include:

     i.   Plaintiff's receipt of the challenged text messages;

    ii.   whether Plaintiff consented to receive the messages;

   iii.   Plaintiff's relationship with any relevant healthcare provider;

   iv.   the content, purpose, and transmission of the messages received by Plaintiff;

    v.   whether the messages received by Plaintiff were telephone solicitations;

   vi.   Plaintiff's alleged injury and individual damages;

  vii.   Defendant's defenses to Plaintiff's individual claim;

 viii.   Plaintiff's typicality and adequacy as a proposed class representative;

   ix.   whether Plaintiff is subject to any unique defenses; and

    x.   limited class-related discovery reasonably necessary to determine whether Plaintiff's circumstances, the challenged messages, and Defendant's asserted defenses are common to the proposed class.

b.   The limited class-related discovery permitted during Phase One may include:

    i.   message templates applicable to Plaintiff and the proposed class;

    ii.   Defendant's generally applicable policies and criteria for selecting message recipients;

   iii.   the manner in which consent and provider-patient relationships are recorded;

   iv.   information sufficient to estimate the size of the proposed class; and

    v.   aggregate information or representative samples sufficient to evaluate whether the claims and defenses are capable of resolution through common evidence.

5. All discovery beyond the scope of Phase One is deferred pending further order of the Court, unless the parties agree otherwise.

6. Defendant may file a dispositive motion directed to Plaintiff's individual claim by November 24, 2026.

   a. Plaintiff shall file a response by December 8, 2026.

7. Plaintiff shall file any motion for class certification by January 13, 2027.

   a. Defendant shall file a response by February 3, 2027.

8. Expert discovery is deferred pending further order of the Court.

9. The Court will hold a hearing and oral argument on Plaintiff's motion for class certification on **February 22, 2027, at 11:00 a.m. in Courtroom 10B.**

10. No witness testimony shall be presented at the hearing unless authorized by further order of the Court.

11. No Phase Two discovery shall begin absent further order of the Court.

12. Before presenting a discovery dispute to the Court, counsel shall meet and confer in good faith. Any unresolved dispute shall be raised in accordance with the Court's procedures.

**BY THE COURT:**

**Hon. Mia R. Perez**